No. DA 06-0489

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 343N

IN THE MATTER OF T.F., T.M.,
M.F., and B.M.,

     Youths In Need Of Care.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDJ-04-136Y,
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jim Wheelis, Chief Appellate Defender; David Avery, Assistant
Appellate Defender, Helena, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

        Brant S. Light, County Attorney; Sarah Corbally, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:   December 6, 2006

Decided:  December 21, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports

¶2     D.S. appeals the order terminating her parental rights to T.F. and M.F.  We affirm.

¶3     D.S. is the birth mother of four children: T.M., T.F., M.F., and B.M.  This appeal only pertains to the termination of D.S.'s parental rights regarding T.F. and M.F. as D.S. concedes that T.M. and B.M. have been placed with an adoptive family that will best serve their interests.

¶4     On August 19, 2004, the Department of Public Health and Human Services (the Department) filed a petition for emergency protective services, adjudication as youths in need of care, and temporary legal custody regarding T.M., T.F., and M.F. after a Department social worker was told by D.S. that she had given T.M. a pain killer without a prescription to do so.  The Department had been involved with D.S. concerning her parenting since 1997, during which time the Department had received a total of eighteen reports regarding D.S., including that her residence was unsanitary, that she excessively yelled at her children and that L.S., D.S.'s husband who lived at her residence on and off, had abused T.M.

2

¶5      After the District Court adjudicated T.M., T.F., and M.F. youths in need of care and granted temporary legal custody to the Department, the court ordered the preparation of a treatment plan for D.S., which was implemented on September 28, 2004.  In May of 2005, D.S. gave birth to her fourth child, B.M., who was soon adjudicated a youth in need of care and whose case was eventually consolidated with the original action concerning D.S.'s three older children.  D.S. initially made good progress, and by July 2005 the Department submitted a permanency plan calling for gradual reunification of the children, one at a time, with the mother.  T.M. was returned to D.S.'s care first, followed by T.F. and M.F.  Within six months, however, the Department once again removed the children from D.S.'s home based on reports that D.S.'s home was unsanitary and unsafe, including a report that D.S. had misplaced T.M.'s prescription medication which an in-home worker with Youth Dynamics eventually found in the child's closet.

¶6      Subsequently, on March 3, 2006, the Department petitioned to terminate D.S.'s parental rights over all four children.  As of that date, T.F. and M.F. had been in state custody for over twenty months.  At the hearing, two psychologists testified that D.S. could not safely parent her children given her severe mental health problems and that these problems would prevent D.S. from becoming fit to parent within a reasonable time. April Jones, the primary social worker on the case for the Department testified that D.S. had failed to complete her treatment plan because she had not, among other things, maintained a safe and sanitary home, maintained consistent employment (she had five or six jobs within a year), or achieved a healthy mental status.  The District Court, pursuant to § 41-3-609(1)(f), MCA, concluded that the approved treatment plan had not been

3

successfully complied with and that D.S.'s conduct or condition was unlikely to change within a reasonable time. The court therefore ordered termination of D.S.'s parental rights to all four children.

¶7 On appeal, D.S., challenging only the termination of her rights to T.F. and M.F., contends she was steadily improving during the time her children were under the Department's care, as evidenced by the fact that the Department had begun reunification. Accordingly, she argues that the court incorrectly applied § 41-3-604(1), MCA, which states that termination is presumed to be in the best interests of the child if the child has been in foster care for fifteen of the last twenty-two months. Attempting to distinguish *In re B.H.*, 2001 MT 288, 307 Mont. 412, 37 P.3d 736, where we held that the presumption does not diminish the burden of proof on the party seeking termination, D.S. contends that, in her case, the presumption impermissibly relieved the State of the burden to prove that D.S. failed to comply with the treatment plan and was unlikely to change.

¶8 However, the State notes, and we agree, that D.S. failed to raise this issue below. We will not allow her to raise the issue for the first time on appeal, because it is fundamentally unfair to fault a district court for failing to rule correctly on an issue it never had the opportunity to consider. *State v. Johnson*, 2005 MT 318, ¶ 13, 329 Mont. 497, ¶ 13, 125 P.3d 1096, ¶ 13.

¶9 Finally, D.S. failed to contest the District Court's findings that D.S. had not fully completed her treatment plan and that the conditions rendering her unfit were unlikely to change within a reasonable time. Nonetheless, we note that the court did, in fact, receive substantial evidence that D.S. failed to complete several parts of her treatment plan and

4

that D.S.'s condition was unlikely to change within a reasonable time due to her mental health needs.

¶10    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶11    We affirm the judgment of the District Court.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS